NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WEIKE LUO,<br><br>                    Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                    Respondent. | No.    20-72504<br><br>Agency No. A200-264-886<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023[**]
San Francisco, California

Before:  HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Weike Luo, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") decision dismissing his appeal from an

Immigration Judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture.

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review the agency's factual findings for substantial evidence, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Luo's testimony, in which he stated that the Chinese government forcibly induced his pregnant wife's early labor, and his asylum interview, in which he stated that the Chinese government forced his wife to have a cesarean section. *See Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021) ("[E]ven minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination." (quoting *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011))). Luo's explanations, which themselves contained inconsistencies, do not "compel a contrary conclusion." *See id.* at 960–61. Further, substantial evidence supports the agency's finding that Luo's corroborative evidence did not independently establish his eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).

Substantial evidence also supports the agency's denial of Luo's Convention Against Torture claim because it is based on the same testimony the agency found

not credible, and Luo does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured if returned to China. *See Shrestha*, 590 F.3d at 1048–49.

**PETITION DENIED**.